6 F.Supp.2d 424 (1998)
ALLIANZ INSURANCE COMPANY, Subrogee of Mercedes Benz Credit Corp., Plaintiff,
v.
PENNSYLVANIA ORTHOPEDIC ASSOCIATES, INC. and Anthony J. Balsamo, M.D., Defendants.
No. CIV. A. 96-7470.
United States District Court, E.D. Pennsylvania.
July 14, 1998.
*425 Jonathan Wheeler, Philadelphia, PA, for Plaintiff.
Rudolph J. DiMassa, Philadelphia, PA, for Defendants.

MEMORANDUM  ORDER
LOWELL A. REED, Jr., District Judge.
AND NOW, this 14th day of July, 1998, upon consideration of the motion for summary judgment of plaintiff Allianz Insurance Company ("Allianz"), Subrogee of Mercedes Benz Credit Corporation ("MBCC") (Document No. 18), and the response of defendants Pennsylvania Orthopedic Associates, Inc. ("POA") and Anthony J. Balsamo, M.D. ("Balsamo") (Document No. 22), as well as the pleadings, memoranda, and exhibits related thereto, having found that concluded that:
1. This is a breach of contract case brought before this Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332. In May of 1992, the defendants entered into a lease agreement with MBCC for the lease of a 1992 Mercedes Benz 300SE. The agreement provided that the defendants "agree to be responsible for the risk of loss, damage, or destruction of the vehicle during the lease term" and to return the leased vehicle at the termination of the lease and to pay any amount necessary to make all repairs to the vehicle which are the result of excessive wear and tear or accidental loss or damage (Pl.'s Mem. Ex. A at ¶¶ 15 and 13). In addition, the agreement provided that the defendants would be responsible for interest at the rate of 18% per annum together with legal and collection costs to the extent permitted by law. (Pl.'s Mem. Ex. A at ¶ 20).
In April of 1994, Balsamo's son was involved in an accident in the vehicle which severely damaged the vehicle and injured Balsamo's son. Balsamo brought suit in the Eastern District of Pennsylvania against the manufacturer of the vehicle claiming that the driver's side airbag did not deploy. During discovery in that case, the vehicle was dismantled for testing (Document No. 36, Defs.' Pretrial Mem. at 2);
2. Pursuant to an insurance policy issued by Allianz to MBCC, Allianz paid MBCC $62,752.69 for the damage to the car. (Pl.'s Mem. Ex. B). Alliance recouped $13,250.00 for the salvage of the car (Pl.'s Mem. Ex. C) and filed this claim seeking from the defendants the balance of the amount paid to MBCC: $49,502.69, plus interest and costs for the collection of the debt;
3. Allianz filed this motion for summary judgment requesting judgment in its favor on the issue of liability and requesting a hearing to assess damages. Allianz argues that there are no genuine issues of material fact as to liability and that the defendants only defense, that the vehicle is the subject of a motor vehicle recall, is not a meritorious defense to its claim;
4. Rule 56(c) of the Federal Rules of Civil Procedure provides that "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" then a motion for summary judgment may be granted.
The moving party has the initial burden of illustrating for the court the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The movant can satisfy this burden by "pointing *426 out to the district court that there is an absence of evidence to support the nonmoving party's case;" the movant is not required to produce affidavits or other evidence to establish that there are no genuine issues of material fact. Celotex, 477 U.S. at 323-25, 106 S.Ct. 2548.
Once the moving party has made a proper motion for summary judgment, the burden switches to the nonmoving party. Under Rule 56(e),
[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
The court is to take all of the evidence of the nonmoving party as true and to draw all reasonable inferences in his favor in determining if there is a genuine issue of material fact. See Adickes, 398 U.S. at 158-59, 90 S.Ct. 1598. In order to establish that an issue is genuine, the nonmoving party must proffer evidence such that a reasonable jury could return a verdict in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A proper motion for summary judgment will not be defeated by merely colorable or insignificantly probative evidence. See id. at 249-50, 106 S.Ct. 2505;
5. The defendants do not contest that the vehicle was damaged in an accident during the period of the lease. Nor do they contest that they are bound by the terms of the lease agreement to pay for any damage done to the car during the period of the lease. Indeed the defendants admit that the vehicle "impacted a pole and sustained damage of approximately $27,000.00," but argue that damage to the car in any amount in excess of that was caused by the dismantling of the vehicle by representatives of MBCC, not the accident. (Defs.' Answer ¶¶ 2-3). In their memorandum in opposition to the motion for summary judgment, the defendants list the following as genuine issues of material fact: the amount of the damage to the vehicle from the accident and from the dismantling of the vehicle by MBCC, whether the damage done by the dismantling and testing of the vehicle obviated the need for the defendants to pay for repairs from the accident, whether the recall of the vehicle was "valued at zero" in light of the damage from the accident and the dismantling of the vehicle, and whether the recall of the vehicle makes this dispute "an intra company matter between Mercedes Benz manufacturer and Mercedes Benz Credit Corporation." (Defs.' Mem. at 2).
These bare assertions of the defendants in their memorandum are not enough to establish a genuine issue of material fact and withstand a motion for summary judgment. In addition, the issue that defendants present as genuine issues of material fact pertain to the issue of the amount of damages, if any, for which the defendants are liable to Allianz. The relevance and merit of these issues can be determined when the issue of damages is decided, an issue for which Allianz is seeking a hearing not summary judgment. Thus, I conclude that the defendants have not established the presence of genuine issues of material fact as to the issue of the liability of the defendants, and Allianz is entitled to judgment as a matter of law on the issue of liability;
6. The defendants also contend that they are not liable to Allianz because Mercedes Benz is obligated to provide the defendants with a new vehicle and a new lease agreement pursuant to the terms of a class action settlement approved by the District of New Jersey and affirmed on appeal by the Court of Appeals for the Third Circuit. (Defs.' Mem. Ex. B). See Weiss v. Mercedes-Benz of North America, Inc., 899 F.Supp. 1297 (D.N.J.1995). This argument is without merit. The defendants may be able to take advantage of the class action settlement to the extent allowed under the law, but this does not alleviate their liability for the damage done to the vehicle *427 under the original lease agreement. The defendants have not produced any evidence nor cited any case law to show that the alleged defects in the car in any way caused the accident or the damage to the car so as to relieve them from liability under the terms of the lease agreement;[1]
it is according hereby ORDERED that the motion is GRANTED. JUDGMENT IS ENTERED in favor of Allianz Insurance Company and against Pennsylvania Orthopedic Associates, Inc. and Anthony J. Balsamo, M.D. on the issue of liability only.
IT IS FURTHER ORDERED that:
(1) trial will commence on August 31, 1998 at 9:30 A.M. in Courtroom 11A, U.S. Courthouse, Philadelphia, Pennsylvania to determine the issue of damages;
(2) pursuant to paragraph 3(A) of this Court's Pretrial Order for Arbitration Case (Document No. 28), the parties shall file (with courtesy copy to Chambers) a stipulation of uncontested facts related to damages only by July 31, 1998. The parties shall not unreasonably refuse to stipulate to any proposed stipulation of fact as to which the refusing party has no opposing evidence or reasonable basis for contest. The Court may impose sanctions at the time of trial for violation of this Order;
(3) legal memoranda from both sides directed to the issue of damages shall be filed (with courtesy copy to Chambers) by August 10, 1998;
(4) a final pretrial conference will be held in Chambers on August 26, 1998 at 3:00 P.M.; and
(5) paragraphs 10 and 12 of the Pretrial Order for Arbitration Case are amended to require the filings and deliveries required by those paragraphs be completed no later than the date and time of the final pretrial conference.
NOTES
[1] The defendants attached and incorporated to their response to the motion of Allianz for summary judgment copies of their motion for summary judgment (Document No. 20) and their renewed motion to dismiss for lack of subject matter jurisdiction (Document No. 21); however, at the request of the defendants (Document No. 27) these two motions were ordered withdrawn without prejudice on March 2, 1998 (Document No. 29).